HAYES | WAKAYAMA | JUAN
LIANE K. WAKAYAMA, ESQ.
Nevada Bar No. 11313
JEREMY D. HOLMES, ESQ.
Nevada Bar No. 14379
5798 S. Durango Drive, Ste. 105
Las Vegas, Nevada 89113
(702) 656-0808 – Telephone
(702) 655-1047 – Facsimile
lkw@hwlawNV.com
jholmes@hwlawNV.com
*Local Counsel for Plaintiff Premier Health Solutions, LLC*

and

SARAH K. DUNKLEY, ESQ.
(ARDC #6329204), *LR IA 11-2 Petition forthcoming*
ANTHONY J. WENN, ESQ.
(#6321705), *LR IA 11-2 Petition forthcoming*
GOLAN CHRISTIE TAGLIA LLP
70 W. Madison St., Ste. 1500
Chicago, Illinois 60602
(312) 263-2300
skdunkley@gct.law
ajwenn@gct.law
*Lead Counsel for Plaintiff Premier Health Solutions, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PREMIER HEALTH SOLUTIONS, LLC, a Texas limited liability company,<br><br>              Plaintiff,<br>vs.<br><br>SDAR IT SOLUTIONS LLC, a Nevada limited liability company,<br><br>              Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT** |

///

///

///

///

Plaintiff PREMIER HEALTH SOLUTIONS, LLC ("Premier"), by and through their attorneys of record, the law firm of HAYES WAKAYAMA JUAN and GOLAN CHRISTIE TAGLIA LLP, through counsel Sarah K. Dunkley, Esq. and Anthony J. Wenn, Esq. who will comply with LR IA 11-2 within 14 days, hereby allege and complain as follows:

## NATURE OF THE ACTION

1. This action arises from Defendant's use and attempt to federally register the identical designation "PREMIER HEALTH SOLUTIONS" for health-related services, despite Premier Health consistently operating under that name in Nevada and nationwide for more than a decade.

2. Premier has continuously used the PREMIER HEALTH SOLUTIONS name in interstate commerce since at least 2012, building substantial goodwill, nationwide recognition, licensure, and trust in the highly regulated health-insurance, benefits administration, and healthcare consulting industries.

3. Upon information and belief, Defendant's conduct is calculated to trade on Premier's goodwill, mislead consumers and industry participants, falsely suggest affiliation or endorsement, and divert business from Premier.

## PARTIES

4. Premier is a Texas limited liability company with its principal place of business at 2601 Network Blvd., Suite 500, Frisco, Texas 75034.

5. Since at least 2012, Premier has operated nationwide as a provider of:

   a. insurance management services;

   b. health-insurance services;

   c. health-plan administration;

6. Premier maintains licensure or registration through the National Insurance Producer Registry in nearly every State and the District of Columbia.

7. Premier has been registered as a foreign limited liability company in the State of Nevada since 2013, publicly and continuously conducting business under the PREMIER HEALTH SOLUTIONS name in Nevada well before Defendant existed.

8. Through more than a decade of continuous use, Premier has developed substantial goodwill, recognition, and consumer association between the PREMIER HEALTH SOLUTIONS name and Premier's services.

9. Defendant is a Nevada limited liability company with its principal place of business at 12549 Penfield Avenue, Las Vegas, Nevada 89138, but it does not have any state registration in Nevada for a doing business as or the assumed name of Premier Health Solutions.

10. Defendant was organized on May 11, 2023, more than eleven years after Premier's first use of the PREMIER HEALTH SOLUTIONS name.

11. Upon information and belief, Defendant is using the identical trademark PREMIER HEALTH SOLUTIONS in connection with healthcare-related services, including diagnostic, monitoring, and medical information services.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Premier's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, because this action arises under the Lanham Act.

13. This Court has supplemental jurisdiction over Premier's Nevada statutory and common-law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as the federal trademark claims.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, Defendant conducts business in this District; and a substantial part of the events giving rise to Premier's claims occurred in Nevada, including Defendant's attempted adoption, ongoing use, and registration of the infringing mark.

15. This Court has personal jurisdiction over Defendant because Defendant is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada, and has purposefully availed itself of the privileges and protections of Nevada law.

# BACKGROUND

**A.   PREMIER'S PRIOR ADOPTION, CONTINUOUS USE, AND NATIONWIDE GOODWILL.**

16. Premier has continuously used the name PREMIER HEALTH SOLUTIONS in interstate commerce since at least 2012.

17. From its inception, Premier adopted the PREMIER HEALTH SOLUTIONS name as the primary identifier of its business and services in the healthcare, insurance, and benefits-administration industries.

18. Over more than a decade, Premier has invested substantial time, money, and resources in developing and promoting its services under the PREMIER HEALTH SOLUTIONS name.

19. Premier's services include, nationwide health-insurance services, health-plan and benefits administration, coordination between carriers, agents, employer groups, and plan participants and related support services.

20. Premier's clients and partners include hundreds of licensed insurance agents and agencies, hundreds of insurance carriers, employer groups, associations, benefit providers, and other entities operating throughout the United States.

21. Premier maintains relationships with approximately 22 independent marketing organizations, more than 550 licensed insurance agents, approximately 65,000 customers (members), and over 90 insurance carriers and benefit-provider partners nationwide.

22. *In 2024 alone, Premier generated gross revenues exceeding $211 million, all under the PREMIER HEALTH SOLUTIONS name.*

23. Premier's operations require licensure, registration, and compliance in numerous jurisdictions and regulatory regimes, making brand trust and source identification critical to its business.

24. As a result of its continuous use, the PREMIER HEALTH SOLUTIONS name has acquired substantial goodwill and recognition and functions as a distinctive source identifier for Premier's services.

25. Premier's use of the PREMIER HEALTH SOLUTIONS name long predates Defendant's formation and any claimed use by Defendant by more than a decade, even in the state of Nevada.

**B.    PREMIER'S ESTABLISHED PRESENCE AND RIGHTS IN NEVADA.**

26. Premier has been registered as a foreign limited liability company in the State of Nevada since 2013, publicly operating under the PREMIER HEALTH SOLUTIONS name in Nevada.[1]

27. Premier's Nevada registration publicly reflected Premier's longstanding use of the PREMIER HEALTH SOLUTIONS name in Nevada and was readily discoverable by Defendant during its name-selection process.

28. Premier has conducted business affecting Nevada residents, agents, carriers, and employer groups continuously since its Nevada registration.

29. At all relevant times, Premier's use of the PREMIER HEALTH SOLUTIONS name in Nevada was lawful, open, and continuous.

**C.    DEFENDANT'S FORMATION AND KNOWLEDGE OF PREMIER'S PRIOR RIGHTS.**

30. Defendant was formed on May 11, 2023, more than eleven years after Premier first adopted and began using the PREMIER HEALTH SOLUTIONS name.[2]

31. Upon information and belief, Defendant sought to organize or reserve a Nevada business entity using the name "Premier Health Solutions."

32. Upon information and belief Nevada Secretary of State would have rejected Defendant's attempted assumed name filing because a foreign business entity using the name "Premier Health" was already registered and operating in Nevada.

33. That existing business registration belonged to Premier Health Solutions, LLC.

---

[1] *See* Premier's State of Nevada Business Registration, submitted as **Exhibit 1** to Plaintiff's Appendix ("PA"), Vol. I, at PA I-000001-2.

[2] *See* Defendant's State of Nevada Business Registration, submitted as **Exhibit 2** to PA Vol. I, at PA I-000003-4.

34. Beginning no later than April 4, 2025, Defendant had actual notice of Premier's prior and superior rights in the PREMIER HEALTH SOLUTIONS name.

35. On April 4, 2025, counsel for Premier sent written correspondence to Defendant's trademark counsel, Andrew T. Rissler of Patel IP, expressly notifying Defendant that Premier had continuously used the PREMIER HEALTH SOLUTIONS name in interstate commerce since at least 2012 and had been registered as a foreign limited liability company in Nevada since 2013—more than a decade before Defendant's formation.[3]

36. That correspondence included supporting documentation from the Nevada Secretary of State confirming Premier's longstanding registration and operation in Nevada and requested that Defendant discuss withdrawal of its trademark application for PREMIER HEALTH SOLUTIONS.[4]

37. Defendant's infringement did not occur in ignorance. Beginning in April 2025, Defendant received multiple written communications from Premier's counsel notifying Defendant of Premier's senior use dating back to 2012 and its longstanding Nevada registration.

38. After follow-up communications and a telephone conference between counsel, Premier formally demanded by cease-and-desist letter that Defendant immediately cease all use of the PREMIER HEALTH SOLUTIONS designation and withdraw U.S. Trademark Application Serial No. 98/824,328.[5]

39. The cease-and-desist letter expressly advised Defendant that its claimed first use date of May 2024 was junior by more than a decade to Premier's use, that Defendant's conduct violated federal and state trademark law, and that Premier would pursue injunctive relief and damages if Defendant refused to comply.

---

[3] *See* Plaintiff's April 4, 2025 Email to Defendant's Counsel, submitted as **Exhibit 3** to PA Vol. I, at PA I-000005.

[4] *See* Defendant's Trademark Application, submitted as **Exhibit 4** to PA Vol. I, at PA I-000006-8.

[5] *See* Plaintiff's April 28, 2025 Cease and Desist Letter, submitted as **Exhibit 5** to PA Vol. I, at PA I-000009-13.

40. Despite receiving actual notice of Premier's prior rights, Defendant failed to withdraw its trademark application, failed to cease use of the PREMIER HEALTH SOLUTIONS name, and instead continued its efforts to operate and seek registration under an identical designation.[6]

41. Defendant's continued use and attempted registration of the PREMIER HEALTH SOLUTIONS name after receiving actual notice of Premier's rights was willful, deliberate, and undertaken in bad faith, and evidences Defendant's intent to trade on Premier's goodwill and established reputation in the healthcare industry.

42. Defendant had constructive notice of Premier's longstanding use and presence under the PREMIER HEALTH SOLUTIONS name in Nevada since at least 2013, which is relevant to Defendant's knowledge, intent, and lack of good-faith adoption.

43. Under long-standing trademark principles, trademark rights arise through use. Defendant's knowledge of Premier's prior and continuous use in Nevada and nationwide precludes any claim of good-faith adoption. Defendant's actual and constructive notice of Premier's prior use and registration in Nevada precludes any claim of good-faith adoption and further supports a finding that Defendant knowingly adopted an identical designation despite Premier's preexisting rights in the relevant geographic market.

44. Defendant did not select a different name or attempt to avoid confusion with Premier's established brand. Instead, Defendant chose to proceed with a name that was identical to Premier's mark.

45. Defendant's adoption of the identical name was not accidental, coincidental, or inadvertent.

46. Defendant's conduct demonstrates a deliberate strategy to trade on Premier's goodwill and to create an association with Premier's established reputation in the healthcare industry.

---

[6] *See* Exhibit 4, at PA I-000007.

### D. DEFENDANT'S FEDERAL TRADEMARK APPLICATION CONFIRMS SUBSEQUENT USE.

47. On or about October 28, 2024, Defendant filed U.S. Trademark Application Serial No. 98/824,328 for the mark PREMIER HEALTH SOLUTIONS.[7]

48. In that application, Defendant claimed a date of first use no earlier than May 2024.

49. Defendant's own sworn filing with the United States Patent and Trademark Office confirms that Defendant's use began more than a decade after Premier's senior use.[8]

50. Defendant's attempt to secure federal registration was undertaken with knowledge of Premier's prior use and Nevada registration.

51. Defendant's filing represents an effort to improperly obtain nationwide priority over Premier's established common-law rights.

52. Defendant's attempt to obtain federal trademark rights in the PREMIER HEALTH SOLUTIONS designation is currently the subject of a contested administrative proceeding before the United States Patent and Trademark Office.

53. On August 26, 2025, Premier instituted Opposition No. 91301247 before the Trademark Trial and Appeal Board ("TTAB") opposing Defendant's U.S. Trademark Application Serial No. 98/824,328 for the mark PREMIER HEALTH SOLUTIONS.[9]

54. The TTAB opposition remains pending. The opposition proceeding was instituted based on Premier's prior and superior rights in the PREMIER HEALTH SOLUTIONS name and Defendant's junior and unauthorized attempt to obtain federal registration of an identical designation.

---

[7] *See* Exhibit 4, at PA I-000006.

[8] *Id.*

[9] *See* Plaintiff's Opposition to Defendant's Application No. 98/824,328, submitted as **Exhibit 6** to PA, Vols. I-II, at PA I-000014-250, PA II-000001-124.

### E. OVERLAP AND RELATEDNESS OF THE PARTIES' SERVICES.

55. Premier provides nationwide health-insurance management services, health-plan administration, and benefits management, which Premier markets and offers through its official website located at https://premierhsllc.com/.

56. Defendant provides healthcare-related services, including remote patient monitoring services; medical diagnostic testing, monitoring, and reporting; medical information services; and healthcare consultancy and advisory services, which Defendant markets and offers through its website located at https://premierhealthsolutionsusa.com/.

57. Defendant's services are closely related to, complementary with, and naturally associated with Premier's insurance management services, health-plan administration, benefits management, all of which operate within the same healthcare and health-services ecosystem.

58. Both parties direct their services to overlapping audiences, including healthcare consumers, employers, healthcare professionals, agents, carriers, employer groups, and institutional partners seeking healthcare-related services, information, administration, or support. Defendant's website and online marketing are accessible to, and directed toward, Nevada residents and healthcare entities, and do not contain any geographic limitation or disclaimer restricting Defendant's services to any particular state.

59. In the healthcare industry, services involving benefits administration, healthcare consulting, medical information, patient monitoring, and related support functions are frequently offered by affiliated entities or under a common brand, causing such services to appear related, coordinated, or integrated when marketed under the same or a highly similar name.

60. Defendant's use of the identical PREMIER HEALTH SOLUTIONS designation in its domain name, website content, and online marketing creates a substantial likelihood that consumers encountering Defendant's website will assume Defendant is affiliated with, sponsored by, endorsed by, or a division, expansion, or related offering of Premier's business.

61. Premier primarily markets its services to insurance agents through professional referrals from insurance carriers, benefit providers, and industry partners, as well as through word-of-mouth within the healthcare and insurance ecosystem. Premier also utilizes its customer- and

agent-facing website, search engine optimization, and targeted email campaigns to communicate its services and role as a billing administrator.

62. Upon information and belief, when consumers search for "Premier Health" or "Premier Health Solutions" using common internet search engines, Defendant's website appears prominently in search results alongside or immediately following results for Premier's official website, increasing the likelihood of confusion.

63. Defendant's online use of the identical name diverts internet traffic intended for Premier, creates initial-interest confusion, and improperly capitalizes on Premier's established goodwill, even where some consumers may later recognize that the parties are distinct.

64. Confusion between the parties is particularly harmful in the healthcare context, where consumers, employers, and institutional partners rely on brand continuity, regulatory compliance, and trust when selecting healthcare-related services, and where mistaken assumptions regarding affiliation or sponsorship can materially affect healthcare decisions. In the healthcare and insurance context, confusion regarding source or affiliation creates heightened risk because regulatory compliance, licensing status, and institutional trust are critical to consumer and partner decision-making

**F.  LIKELIHOOD OF CONFUSION.**

65. The parties use identical names: PREMIER HEALTH SOLUTIONS.

66. The parties operate or seek to operate in overlapping geographic markets, including Nevada and nationwide.

67. The parties' services are offered in related channels of trade and target overlapping audiences.

68. Premier's mark is strong due to its length of use, nationwide reach, regulatory presence, and established goodwill.

69. Defendant's adoption of the identical name is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendant's services.

70. Any disclaimer or attempt by Defendant to distinguish itself is insufficient to dispel confusion created by the use of an identical name.

71. Confusion is particularly likely in the healthcare context, where trust, reputation, and continuity of services are paramount.

### G. WILLFULNESS, BAD FAITH AND ONGOING HARM.

72. Defendant's conduct was willful and undertaken in bad faith.

73. Defendant had constructive notice of Premier's longstanding use of the PREMIER HEALTH SOLUTIONS name through publicly available Nevada Secretary of State records, further evidencing Defendant's lack of good-faith adoption.[10]

74. Defendant's continued use of the identical mark after receiving a cease-and-desist letter and actual notice of Premier's senior rights further supports a finding of willful infringement and strengthens Premier's likelihood of success on the merits.

75. Defendant nevertheless chose to proceed with the identical name and to seek federal registration.

76. Defendant's actions demonstrate an intent to trade on Premier's goodwill and to interfere with Premier's ability to control its brand and reputation.

77. Defendant's conduct has caused and will continue to cause Premier irreparable harm.

78. Premier has lost and will continue to lose control over the quality, reputation, and goodwill associated with the PREMIER HEALTH SOLUTIONS name.

79. Premier faces an imminent risk of consumer confusion, reputational damage, and disruption to relationships with carriers, agents, partners, and employer groups.

80. Because Premier operates in a heavily regulated and trust-based industry, confusion regarding source or affiliation creates harms that cannot be fully remedied by monetary damages alone.

81. Unless enjoined, Defendant's unlawful conduct will continue and Premier will suffer ongoing and irreparable injury.

---

[10] *See* Exhibit 1, at PA I-000001-2.

HAYES | WAKAYAMA | JUAN
4735 South Durango Drive, Suite 105
Las Vegas, Nevada 89147
TEL: (702) 656-0808 | FAX: (702) 655-1047

### FIRST CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN & UNFAIR COMPETITION (LANHAM ACT § § 43(a) – 15 U.S.C. § 1125(a)) against SDAR IT SOLUTIONS LLC)

1. Premier incorporates by reference Paragraphs 1–81 of this Complaint.

2. Premier has long used the designation PREMIER HEALTH SOLUTIONS in interstate commerce as a source identifier for its healthcare, insurance, and benefits-administration services and has developed substantial goodwill and consumer recognition associated with that designation.

3. Defendant adopted, used, and sought to register the identical designation "PREMIER HEALTH SOLUTIONS" in commerce in connection with healthcare-related services without Premier's consent.

4. Defendant's use of the identical designation occurred after Defendant had knowledge of Premier's prior rights, including constructive notice from the Nevada Secretary of State due to Premier's preexisting registration and operation in Nevada.[11]

5. Defendant's use of the identical name in connection with closely related healthcare services constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, sponsorship, or approval of Defendant's services by Premier.

6. Defendant's conduct is likely to mislead consumers, healthcare partners, carriers, agents, employer groups, hospital systems, and other industry participants into believing that Defendant's services originate from, are affiliated with, or are endorsed by Premier.

7. Defendant intentionally selected the identical designation PREMIER HEALTH SOLUTIONS to trade on Premier's goodwill and to benefit from the reputation and trust Premier has developed in a highly regulated, trust-based healthcare industry.

8. Defendant's conduct constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

---

[11] *See* Exhibit 1, at PA I-000001-2.

9. Defendant's actions were willful and undertaken in bad faith, including Defendant's decision to proceed with use of the identical designation despite constructive notice of Premier's senior rights.

10. As a direct and proximate result of Defendant's conduct, Premier has suffered and will continue to suffer irreparable harm, including loss of control over its brand and reputation, dilution of goodwill, diversion of business opportunities, and monetary damages.

11. Premier has no adequate remedy at law to fully compensate for Defendant's ongoing misconduct.

## SECOND CLAIM FOR RELIEF
### (UNFAIR COMPETITION against SDAR IT SOLUTIONS LLC)

12. Premier incorporates by reference Paragraphs 1–92 of this Complaint.

13. Nevada recognizes a common-law cause of action for unfair competition, including passing off and misappropriation of goodwill.

14. Premier has, through long-standing and continuous use of the PREMIER HEALTH SOLUTIONS name since at least 2012, developed substantial goodwill, reputation, and commercial value in that name in Nevada and nationwide.

15. The PREMIER HEALTH SOLUTIONS name functions as a distinctive identifier of Premier's healthcare, insurance, and benefits administration, and is closely associated in the minds of consumers, industry participants, and business partners with Premier.

16. Defendant knowingly and intentionally adopted and used the identical name "PREMIER HEALTH SOLUTIONS" in connection with healthcare-related services after receiving constructive notice of Premier's prior rights.

17. Defendant's conduct was undertaken with the intent to misappropriate Premier's goodwill and to cause consumers and industry participants to believe that Defendant's services originate from, are affiliated with, sponsored by, or endorsed by Premier.

18. Defendant's conduct constitutes passing off, palming off, and misappropriation of business goodwill, and otherwise violates Nevada common-law principles prohibiting unfair competition.

19. Defendant acted knowingly, maliciously, and in conscious disregard of Premier's rights, including by proceeding with use of the identical name despite constructive notice of Premier's prior registration and operation in Nevada.

20. As a direct and proximate result of Defendant's unfair competition, Premier has suffered and will continue to suffer irreparable harm, including loss of goodwill, dilution of brand identity, reputational injury, consumer confusion, and loss of business opportunities.

21. Premier has no adequate remedy at law for Defendant's ongoing unfair competition.

**THIRD CAUSE OF ACTION**
**(DECEPTIVE TRADE PRACTICES (Nevada Revised Statutes §§ 41.600 and 598.0915) against SDAR IT SOLUTIONS LLC)**

22. Premier incorporates by reference Paragraphs 1–102 of this Complaint.

23. At all relevant times, Premier was engaged in lawful commerce in Nevada and nationwide and had established substantial goodwill and consumer recognition under the PREMIER HEALTH SOLUTIONS name.

24. Defendant engaged in deceptive trade practices within the meaning of NRS § 598.0915 by knowingly engaging in conduct that created a likelihood of confusion or misunderstanding as to the source, sponsorship, affiliation, or approval of Defendant's services.

25. Specifically, Defendant engaged in deceptive trade practices by passing off its healthcare-related services as those of Premier, causing likelihood of confusion or misunderstanding as to the origin, sponsorship, or approval of its services and representing, directly or indirectly, that its services were affiliated with, connected to, or endorsed by Premier when they were not.

26. Defendant engaged in this conduct knowingly and intentionally, including after Defendant became aware—through publicly available Nevada Secretary of State records and the

rejection of its attempted assumed-name filing—that Premier had long operated in Nevada under the PREMIER HEALTH SOLUTIONS name.[12]

27. Defendant's deceptive conduct was not the result of mistake or inadvertence, but rather a deliberate decision to adopt and use the identical PREMIER HEALTH SOLUTIONS name to trade on Premier's goodwill.

28. Defendant's deceptive trade practices occurred in the course of Defendant's business and affected consumers, healthcare partners, agents, carriers, employer groups, and other participants in the healthcare marketplace.

29. As a direct and proximate result of Defendant's deceptive trade practices, Premier has suffered and will continue to suffer damages, including loss of goodwill, reputational injury, consumer confusion, diversion of business opportunities, and related economic harm.

30. Premier is an aggrieved party entitled to bring this action pursuant to NRS § 41.600.

31. Defendant's deceptive conduct was willful and malicious, entitling Premier to enhanced remedies under Nevada law.

### FOURTH CAUSE OF ACTION
### (CYBERSQUATTING 15 U.S.C. § 1125(d)) AGAINST SDAR IT SOLUTIONS LLC)

32. Plaintiff incorporates by reference Paragraphs 1–112 of this Complaint.

33. Plaintiff owns valid and protectable trademark and tradename rights in the PREMIER HEALTH SOLUTIONS designation through continuous and widespread use in commerce since at least 2012.

34. Defendant registered, uses, and controls the domain name premierhealthsolutionsusa.com (the "Infringing Domain Name") in connection with the offering and promotion of healthcare-related services.

35. The Infringing Domain Name is identical or confusingly similar to Plaintiff's PREMIER HEALTH SOLUTIONS mark. The addition of the geographically descriptive term

---

[12] *See* Exhibit 1, at PA I-000001-2.

"usa" does not distinguish the domain name from Plaintiff's mark and instead increases the likelihood of confusion by suggesting nationwide affiliation.

36. Defendant registered and uses the Infringing Domain Name with a bad-faith intent to profit from Plaintiff's mark, within the meaning of 15 U.S.C. § 1125(d)(1)(B).

37. Defendant's bad faith is demonstrated by:

38. Defendant's lack of any trademark or other intellectual-property rights in the PREMIER HEALTH SOLUTIONS name;

39. Defendant's actual and constructive notice of Plaintiff's prior rights, including Plaintiff's longstanding registration and operation in Nevada and Defendant's inability to register the name with the Nevada Secretary of State due to Plaintiff's existing registration.[13]

40. Defendant's use of the Infringing Domain Name to offer healthcare-related services that are closely related to Plaintiff's services;

41. Defendant's intent to divert consumers seeking Plaintiff's services to Defendant's website for commercial gain by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement; and

42. Defendant's continued use of the Infringing Domain Name despite notice of Plaintiff's objections and the existence of an active trademark opposition proceeding.

43. Defendant's registration and use of the Infringing Domain Name has caused and will continue to cause Plaintiff irreparable harm, including loss of control over its brand, diversion of customers, erosion of goodwill, and damage to its reputation.

44. Plaintiff has no adequate remedy at law to prevent Defendant's continued cybersquatting absent injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. Judgment in favor of Plaintiff and against Defendant on all of its causes of action in excess of $75,000.00 in actual, compensatory damages in an amount to be proven at trial;

---

[13] *See* Exhibit 1, at PA I-000001-2.

2. For an award of punitive and exemplary damages against Defendant in an amount to be proven at trial;

3. For an award in favor of Plaintiff and against Defendant of Defendant's profits through use of the infringing mark, as well as an award of the costs for corrective advertising as permitted by law and 15 U.S.C. § 1117(d);

4. For a declaration that Defendant's conduct constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a);

5. For a declaration that Defendant engaged in deceptive trade practices in violation of NRS §§ 598.0915 and 41.600;

6. For a declaration that Defendant's conduct is in violation of 15 U.S.C. § 1125(d);

7. For injunctive relief permanently enjoining Defendant, its officers, agents, employees, and all persons acting in concert with it from using the PREMIER HEALTH SOLUTIONS designation or any confusingly similar mark;

8. For an order requiring the transfer of the domain name premierhealthsolutionsusa.com to Plaintiff, or alternatively its cancellation;

9. For injunctive relief permanently enjoining Defendant from registering, using, or trafficking in any domain name incorporating PREMIER HEALTH SOLUTIONS or any confusingly similar designation

10. For an award of reasonable attorney's fees and costs of suit as permitted by law; and

/ / /

/ / /

/ / /

11. For any further relief as the Court deems to be just and proper.

Dated this 8th day of January, 2026

**HAYES | WAKAYAMA | JUAN**

By: */s/ Liane K. Wakayama, Esq.*
    LIANE K. WAKAYAMA, ESQ.
    Nevada Bar No. 11313
    JEREMY D. HOLMES, ESQ.
    Nevada Bar No. 14379
    5798 S. Durango Drive, Suite 105
    Las Vegas, Nevada 89113
    *Local Counsel for Plaintiff Premier Health Solutions, LLC*

    SARAH K. DUNKLEY, ESQ.
    (ARDC of IL #6329204), *LR IA 11-2 Petition forthcoming*
    ANTHONY J. WENN, ESQ.
    (ARDC of IL #6321705), *LR IA 11-2 Petition forthcoming*
    GOLAN CHRISTIE TAGLIA LLP
    70 W. Madison St., Ste. 1500
    Chicago, Illinois 60602
    *Lead Counsel for Plaintiff Premier Health Solutions, LLC*

**VERIFICATION**

Under penalties of perjury, the undersigned declares: I am the Chief Operating Officer and Compliance Officer for Premier Health Solutions, LLC. who is named as the Plaintiff in this action. I am authorized to make this verification on behalf of Plaintiff. I have read the foregoing Complaint and I declare under penalty of perjury under the laws of the United States of America that the factual allegations contained therein are true and correct to the best of my personal knowledge, information, and belief.

Dated this 12 day of January, 2026.

_____
Alyssa Baker Johnson