**TALG, NV, LTD.**
Ismail Amin, Esq.
Nevada Bar No. 9343
Heather Caliguire Fleming, Esq.
Nevada Bar No. 14492
Carlyn R. Nordling, Esq.
Nevada Bar No. 16943
5852 S. Durango Dr., Suite 105
Las Vegas, NV 89113
Telephone: (702) 954-3861
Email: iamin@talglaw.com
Email: hfleming@talglaw.com
Email: cnordling@talglaw.com

**TALG, LTD.**
Esther J. Choe, Esq. (*Pro Hac Vice forthcoming*)
3161 Michelson Dr., Suite 1025
Irvine, CA 92612
Telephone: (949) 502-7715
Email: echoe@talglaw.com

*Attorneys for Defendant SDAR IT Solutions LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PREMIER HEALTH SOLUTIONS, LLC, a Texas limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>SDAR IT SOLUTIONS LLC, a Nevada limited liability company,<br><br>Defendant. | Case No.  2:26-cv-00062-EJY<br><br>**JOINT STIPULATION AND ORDER TO:**<br><br>**(1)  SET ASIDE DEFAULT;**<br><br>**(2)  TO RESET RELEVANT DEADLINES; AND**<br><br>**(3)  FOR LEAVE TO CONDUCT LIMITED DISCOVERY** |

STIPULATION AND ORDER TO SET ASIDE DEFAULT AND RESET DEADLINES

TALG, NV, LTD.
5852 S. Durango Dr., Suite 105
Las Vegas, NV 89113
Phone: (702) 954-3861 / Fax: (949) 266-8406

TALG, NV, LTD.
5852 S. Durango Dr., Suite 105
Las Vegas, NV 89113
Phone: (702) 954-3861 / Fax: (949) 266-8406

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff PREMIER HEALTH SOLUTIONS, LLC ("PHS"), and Defendant SDAR IT SOLUTIONS, LLC ("SDAR"), by and through their counsel of record, hereby agree and stipulate as follows:

## RECITALS

WHEREAS, on January 13, 2026, PHS filed its Complaint against SDAR. [ECF 1];

WHEREAS, on January 22, 2026, PHS filed a Motion for Preliminary Injunction. [ECF 8];

WHEREAS, on January 27, 2026, PHS filed a proof of service alleging that it served the designated agent for service of process for SDAR on January 26, 2026. [ECF 15];

WHEREAS SDAR contends that it did not receive notice of the lawsuit from anyone else until it received a notification of the above-captioned lawsuit from its agent for service of process *on March 9, 2026*;

WHEREAS on February 18, 2026, PHS filed a Motion for Entry of Clerk's Default against SDAR. [ECF 16];

WHEREAS on March 4, 2026, the Clerk's Entry of Default was entered against SDAR. [ECF 20];

WHEREAS on March 9, 2026, upon receiving a notice of the above-captioned lawsuit from the designated agent for service of process, SDAR made concerted efforts to obtain legal representation and to obtain copies of paperwork through creating its own account in PACER;

WHEREAS on or about March 19, 2026, SDAR retained the undersigned counsel in the above-captioned action;

WHEREAS SDAR contends that omissions of third parties led to default; however, SDAR acted promptly and in good faith to secure legal representation and to participate in the above-captioned action, which constitutes good cause;

WHEREAS on March 19, 2026, PHS filed a Motion for Default Judgment, Permanent Injunction, and Request for Prove-Up Hearing on Damages. [ECF 21];

WHEREAS on March 20, 2026, counsel for SDAR filed its Notice of Appearance in the above-captioned action [ECF 23];

WHEREAS on March 20, 2026, counsel for SDAR emailed PHS's counsel and asked to enter into a stipulation to set aside the default entered on March 4, 2026, and asked to meet and confer regarding the deadlines and issues pending in the case;

WHEREAS, on March 24, 2026, PHS agreed to set aside the default, withdraw the pending Motion for Default Judgment, and reset the Plaintiff's deadline to respond to the complaint thirty (30) days from the date the default is set aside. The parties further agreed to request the Court for leave to conduct discovery for a period of forty five (45) days from the date the default is set aside, which shall be limited to the issues raised in PHS's motion for preliminary injunction, and to reset the motion hearing and briefing upon expiration of the forty five (45) day period.

## STIPULATION

Therefore, it is stipulated and agreed among the Parties that:

1.     Good cause exists to set aside the entry of default, withdraw the Motion for Default Judgment, and reset the pleading deadlines for SDAR to respond to the PHS's complaint within thirty (30) days from the date the default is set aside.

2.     Given this circuit and the Court's longstanding objective to adjudicate cases on their merits, it is in the best interest of the Parties to resolve the issues raised in PHS's Motion for Preliminary Injunction on the merits. The Parties shall be permitted to conduct limited expedited discovery solely on issues relevant to Plaintiff's Motion for Preliminary Injunction. Such discovery shall be completed within forty-five (45) days of the Court's order setting aside default and shall be limited as follows:

TALG, NV, LTD.
5852 S. Durango Dr., Suite 105
Las Vegas, NV 89113
Phone: (702) 954-3861 / Fax: (949) 266-8406

a. each side may serve no more than five (5) interrogatories, including discrete subparts;

b. each side may serve no more than ten (10) requests for production;

c. each side may serve no more than five (5) requests for admission;

d. each side may take no more than two (2) fact depositions, each not to exceed four (4) hours in length;

e. no third-party discovery shall be issued absent written agreement of the Parties or further order of the Court;

f. written discovery shall be served within five (5) days of the Court's order, and responses and objections shall be served within fourteen (14) days of service; and

g. documents shall be produced on a rolling basis, with substantial completion no later than seven (7) days before the close of the limited discovery period.

[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

TALG, NV, LTD.
5852 S. Durango Dr., Suite 105
Las Vegas, NV 89113
Phone: (702) 954-3861 / Fax: (949) 266-8406

**STIPULATION AND ORDER TO SET ASIDE DEFAULT AND RESET DEADLINES**

3.    The Parties further stipulate that the briefing schedule for the Motion for Preliminary Injunction shall be reset to begin on the next court date following the closing of limited discovery, in accordance with the Federal Rules of Civil Procedure and Local Rule 7-2.  In particular, the Motion for Preliminary Injunction may be re-filed on the next court date following the closing date of the limited discovery period. Otherwise, the original motion shall be deemed filed and served on the next court date following the closing date of the limited discovery.  Thus, the response brief shall be due fourteen (14) days from the date of the operative motion, and the reply shall be due seven (7) days after the service of the response.

**IT IS SO STIPULATED**

Dated:  March 27, 2026        **TALG, NV, LTD.**

*/s/ Ismail Amin*
Ismail Amin, Esq.
Heather Caliguire Fleming, Esq.
Carlyn R. Nordling, Esq.
5852 S. Durango Dr., Suite 105
Las Vegas, NV 89113

**TALG, LTD.**
Esther J. Choe, Esq. (*Pro Hac Vice forthcoming*)
3161 Michelson Dr., Suite 1025
Irvine, CA 92612

***Attorneys for Defendant SDAR IT Solutions LLC***

Dated:  March 27, 2026        **HAYES | WAKAYAMA | JUAN**

*/s/ Jeremy D. Holmes*
Liane K. Wakayama, Esq.
Jeremy D. Holmes, Esq.
5798 S. Durango Drive, Ste. 105
Las Vegas, Nevada 89113
*Local Counsel for Plaintiff Premier Health Solutions, LLC*

**STIPULATION AND ORDER TO SET ASIDE DEFAULT AND RESET DEADLINES**

**GOLAN CHRISTIE TAGLIA LLP**
Sarah K. Dunkley, Esq. (Pro Hac Vice)
Anthony J. Wenn, Esq. (Pro Hac Vice)
70 W. Madison St., Ste. 1500
Chicago, Illinois 60602

***Attorneys for Plaintiff Premier Health Solutions, LLC***

## ORDER

GOOD CAUSE APPEARING, the Court, hereby approves this stipulation and ORDERS that:

The entry of default against Defendant is hereby set aside; and that

Defendant's response to Plaintiff's Complaint is due thirty (30) days from the date of this order.

IT IS FURTHER ORDERED THAT:

The Parties shall be permitted to conduct limited expedited discovery solely on issues relevant to Plaintiff's Motion for Preliminary Injunction as set forth in this stipulation; and

The briefing schedule for the Preliminary Injunction shall be reset to begin on the next court date after the close of limited discovery, in accordance with the Federal Rules of Civil Procedure and Local Rule 7-2, and as stipulated by the parties.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: ___March 27, 2026___

TALG, NV, LTD.
5852 S. Durango Dr., Suite 105
Las Vegas, NV 89113
Phone: (702) 954-3861 / Fax: (949) 266-8406